United States District Court
Southern District of Texas
**ENTERED**
August 10, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-324 |
| | § | |
| NELVA GONZALES RAMOS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS COMPLAINT

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently confined at the Allred Unit in Iowa Park, Texas. He filed this § 1983 civil rights action on August 2, 2016 (D.E. 1).

In his original complaint, Plaintiff alleges that on June 6, 2012, United States District Judge Nelva Gonzales Ramos and United States Magistrate Judge Robert Roach conspired with FBI Assistant Director Eric Villan Velez and FBI Chief John B. Wean to issue fictitious warrants to intercept communications in violation of his constitutional rights. (D.E. 1).

Plaintiff did not pay the $400.00 civil filing fee, and his application for leave to proceed *in forma pauperis* is pending (D.E. 2). Plaintiff is a "three-strikes litigant" as that term is defined in 28 U.S.C. § 1915(g), and as such, he has lost the privilege of proceeding i.f.p. unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## I.    Jurisdiction.

The Court has federal question jurisdiction over this action.  *See*  28 U.S.C.

§ 1331.

## II.    Three strikes rule.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation

Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g).  The three

strikes rule provides that a prisoner who has had, while incarcerated, three or more

actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon

which relief can be granted is prohibited from bringing any more actions or appeals *in*

*forma pauperis*.  28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir.

1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule

provides an exception permitting prisoners who are under imminent danger of physical

harm to proceed without prepayment of the filing fee.  *Id.*

## III.    Plaintiff's litigation history.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or

for failure to state a claim upon which relief can be granted.[1]  In the Northern District of

Texas, Amarillo Division, Plaintiff acquired his first two strikes:  *Minnfee v. Swart, et al.,*

Case No. 2:96-cv-274 (N.D. Tex. May 26, 1999) (dismissed for failure to state a claim)

(first strike); and *Minnfee v. Slaughter,* Case No. 2:02-cv-242 (N.D. Tex. Sep. 9, 2002)

---

[1] *See* http://156.124.4.123/ThreeStrikes/m3.htm, for a partial list of Minnfee's actions that have
been dismissed as frivolous and/or for failure to state a claim, or as barred by §1915(g), or for
failure to pay sanctions.  On PACER.gov, Minnfee is listed as a party in 129 civil actions.

(dismissed as frivolous) (second strike).[2]  In 2003, Plaintiff received his third strike when a court in the San Antonio Division of the Western District of Texas dismissed his action as frivolous.  *See Minnfee v. Coutee, et al.,* Case No. 5:03-cv-35 (W.D. Tex. Apr. 28, 2003) (dismissed as frivolous ) (third strike).  Later that year, in *Minnfee v. Simpson,* Case No. 2:03-cv-250 (N.D. Tex. Dec. 9, 2003), the Amarillo Division District Court imposed a $200.00 sanction and noted that Plaintiff was barred from any new filings until he had satisfied the monetary sanction and secured permission to file.

Shortly thereafter, Plaintiff was denied leave to file and/or had three actions dismissed in succession in the Southern District of Texas, Houston Division, based on his three-strikes status and his failure to demonstrate imminent danger of physical harm:  *See Minnfee v. Blackburn,* Case No. 4:03-cv-4676 (S.D. Tex. Feb. 4, 2004); *Minnfee v. Cockrell,* Case No. 4:03-cv-3354 (S.D. Tex. Feb. 4, 2004); and *Minnfee v. Janicek, et al.,* Case No. 4:04-cv-2499 (S.D. Tex. July 12, 2004).  Later that year, in a habeas corpus action, *Minnfee v. Dretke,* Case No. 2:02-cv-310 (N.D. Tex. Sep. 15, 2004), the Amarillo district court imposed a $25.00 sanction against Plaintiff and specifically barred him from filing any future motions in that proceeding.  *Id.* at D.E. 112.  Indeed, the Clerk of the Court was ordered to return unfiled any subsequent pleading submitted by Plaintiff unless instructed otherwise by a reviewing judge.[3]  *Id.*

Plaintiff continued to have difficulty in the Northern District of Texas.  *See Minnfee v. Dretke,* Case No. 2:04-cv-147 (N.D. Tex. Mar. 7, 2005) (sanctioned $50.00

---

[2] Plaintiff's last name has been spelled "Minnafee" and "Minnifee" in other court proceedings.
[3] The docket reflects that on September 20, 2011, Plaintiff paid the $25.00 sanction.

and barred until all pending sanctions paid); *Minnfee v. Emerson, et al.,* Case No. 5:05-cv-067 (N.D. Tex. Mar. 25, 2005) (sanctioned $100 and Clerk of Court ordered to return all pleadings except notice of appeal until sanctions paid); *Minnfee v. Letson, et al.,* Case No. 4:04-cv-348 (N.D. Tex. May 16, 2005) (dismissed based on three-strikes bar).

On June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against Plaintiff in *Minnfee v. Quarterman*, No. 07-50446 (5th Cir. 2007), and imposed a $100 sanction. The Fifth Circuit specifically noted:

> The Clerks of all Federal Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the courts of this Circuit.

*Id.*

On or about July 5, 2011, Plaintiff paid the $100 sanction to the Fifth Circuit, thus satisfying the sanction order and rendering Plaintiff no longer precluded from filing pleadings with this Court. *See In re Minnfee,* Case No. 4:11-mc-436 (D.E. 2). However, the payment of the sanction did not remove Plaintiff from the three strikes list. In the Corpus Christi Division of the Southern District of Texas, Plaintiff has had several lawsuits dismissed in the past five years: *See Minnfee v. Haman,* Case No. 2:11-cv-168 (S.D. Tex. Jun. 1, 2011) (mixed habeas/§ 1983 petition identical to one dismissed by Houston court and no imminent danger); *Minnfee v. Thaler. et al.* Case No. 2:12-cv-100 (S.D. Tex. Apr. 10, 2012) (mixed habeas/§ 1983 petition fails to establish imminent

danger and Plaintiff is barred based on three-strikes status) ; *Minnfee v. Thaler,* Case No. 2:12-cv-370 (S.D. Tex. Dec. 7, 2012) (no imminent danger to support consideration of claims); *Minnfee v. Gonzalez, et al.,* Case No. 2:13-cv-159 (S.D. Tex. Aug. 9, 2013) (dismissing § 1983 action based on three-strikes and no imminent danger found); *Minnfee v. Thompson*, Case No. 2:14cv147 (S.D. Tex. May 12, 2014) (same); and *Minnfee v. Magidson*, Case No. 14cv264 (S.D. Tex. June 30, 2014) (same).

Despite Plaintiff's payment of the $100.00 sanction ordered by the Fifth Circuit, he remains a three-strikes litigant and is barred from proceeding i.f.p. in a prisoner civil rights action unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## IV.   Analysis.

Plaintiff alleges in the instant lawsuit that on June 6, 2012, United States District Judge Nelva Gonzales Ramos and United States Magistrate Judge Robert Roach conspired with FBI Assistant Director Eric Villan Velez and FBI Chief John B. Wean to issue fictitious warrants to intercept communications in violation of his constitutional rights. (D.E. 1).  He further details the cause numbers for the "fictitious warrants" on page four (D.E. 1 at 4).  These cause numbers are either non-existent, or are for matters not handled by District Judge Ramos, as the numbering system does not appear to be a numbering system utilized by the federal court system.  Plaintiff did not attach copies of any of the warrants about which he is complaining.  In any event, the issuance of a warrant without probable cause does not amount to "imminent danger of serious physical harm."  The courts have stated that in order to meet the imminent danger requirement of §

1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). There is no indication that Plaintiff is in any type of danger to excuse him from the § 1915(g) three-strikes bar.

## V.      Conclusion and Recommendation.

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to demonstrate that he is in imminent danger of physical harm. Accordingly, it is respectfully recommended that Plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2) be denied and that this lawsuit be dismissed without prejudice. It is further recommended that Plaintiff be allowed to reinstate this action within thirty (30) days of dismissal, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 10th day of August, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).